[Civ. No. 32757. First Dist., Div. Two. May 31, 1973.]

ALEJO GONZALEZ III, Petitioner, v.
THE MUNICIPAL COURT FOR THE SAN JOSE-MILPITAS
JUDICIAL DISTRICT OF SANTA CLARA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Sheldon Portman, Public Defender and Rose E. Bird, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier and Edward P. O'Brien, Assistant Attorneys General, and Derald E. Granberg, Deputy Attorney General, for Real Party in Interest.

**OPINION**

**TAYLOR, P. J.** — Petitioner, Alejo Gonzalez III, was charged, in a complaint filed in the Municipal Court for the San Jose-Milpitas Judicial District on March 6, 1972, with misdemeanor drunk driving, in violation of section 23102 of the Vehicle Code, and with driving while his license was revoked, in violation of section 14601. The complaint also charged petitioner with two prior convictions for violating section 23102, in the same court, on August 10, 1971, and on January 21, 1972.

Petitioner was successful in a motion to strike the priors from the complaint on the ground that he had not been fully advised of his constitutional rights prior to the entry of the guilty pleas as required in *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], and *In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

Thereafter, the court, on its own motion, set aside the plea of guilty and vacated the judgment based on the prior conviction of January 21, 1972. When petitioner was rearraigned upon the identical charge of which he had been once convicted, sentenced and punished, he entered pleas of once in jeopardy and former conviction, which were denied by the court. His petition in the superior court for a writ of prohibition was subsequently denied. Thereafter, he petitioned this court in prohibition and we granted an alternative writ.

Petitioner first contends that the trial court acted in excess of its jurisdiction in setting aside the guilty plea and vacating the judgment on the prior conviction on its own motion and without the consent of petitioner.

■ Since the sanctions which may be imposed upon a person convicted of drunk driving are increased if he has a prior conviction of the same offense within a specific period of time, a collateral attack may be made on any such prior conviction on constitutional grounds (*Thomas* v. *Department of Motor Vehicles,* 3 Cal.3d 335, 338 [90 Cal.Rptr. 586, 475 P.2d 858]; *Hasson* v. *Cozens,* 1 Cal.3d 576 [83 Cal.Rptr. 161, 463 P.2d 385]; *People* v. *Coffey,* 67 Cal.2d 204, 214-215 [60 Cal.Rptr. 457, 430 P.2d 15]). Although *Hasson* and *Thomas* involved prior convictions obtained in violation of the *right to counsel* enunciated in *Gideon* v. *Wainwright,* 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733], convictions obtained in violation of the *rights enumerated in Boykin and Tahl* have

also been declared subject to collateral attack (*Cooper* v. *Justice Court*, 28 Cal.App.3d 286 [104 Cal.Rptr. 543] (hg. den. Dec. 20, 1972).[1]

Petitioner properly utilized the methods approved in *People* v. *Coffey, supra,* to raise the issue of the validity of his prior convictions in the pending criminal proceeding in that he denied the priors at the time of entering his plea to the same and thereafter, by motion to strike, initiated proceedings to determine their constitutional validity (see also *People* v. *Vienne,* 30 Cal.App.3d 266, 270 [105 Cal.Rptr. 584]).[2] The municipal court, after considering the evidence produced at the hearing on the matter, accepted petitioner's representations that he had not been fully advised of his constitutional rights before entering his pleas of guilty,[3] and ordered the alleged prior convictions stricken from the complaint.[4] No appeal was taken by the prosecution from the order and it has now become final and is res adjudicata on this issue (*Hasson* v. *Cozens, supra,* p. 580).

The prosecution argues that petitioner's *motion to strike the alleged prior convictions from the complaint* in the *pending* criminal proceeding may be construed as an *implied motion to set aside a plea of guilty and vacate the prior judgments.* ■ ■ ■ ■ It is true that there are alternative means of attacking a conviction on constitutional grounds; however, *a motion to strike allegations of prior convictions from an accusatory pleading* in a *pending* criminal proceeding should not be confused with a *motion to set aside a plea of guilty and vacate a prior judgment of conviction,* which must be initiated by the defendant in the action in which the prior judgment was *rendered* (see *Thomas* v. *Department of Motor Vehicles, supra,* p. 338).[5] A charge of a prior conviction is part of the accusatory

[1]The courts have repeatedly held that prior convictions obtained in violation of *Gideon* v. *Wainwright, supra,* may not be used for impeachment or for "any other purpose" (*In re Terry,* 4 Cal.3d 911, 916 [95 Cal.Rptr. 31, 484 P.2d 1375]). This would include the enhancement of punishment.

[2]There are no statutory provisions specifying the time for a motion to strike priors. The motion can be made at any time from the date of plea, finding or verdict of guilty until pronouncement of judgment (*In re Cortez,* 6 Cal.3d 78, 87 [98 Cal.Rptr. 307, 490 P.2d 819]).

[3]Standards to be applied to the reception of a plea of guilty are enunciated in *Boykin* v. *Alabama, supra; In re Tahl, supra; People* v. *Rizer,* 5 Cal.3d 35 [95 Cal. Rptr. 23, 484 P.2d 1367]; *In re Sutherland,* 6 Cal.3d 666 [100 Cal.Rptr. 129, 493 P.2d 857]; and *People* v. *Levey,* 8 Cal.3d 648 [105 Cal.Rptr. 516, 504 P.2d 452].

[4]*People* v. *Coffey, supra,* pages 217-218, requires that "the court *shall* make a finding on the basis of the evidence thus produced and *shall* strike *from the accusatory pleading* any prior conviction found to be constitutionally invalid" (italics added).

[5]The language of section 23102.2 of the Vehicle Code (added Stats. 1971, ch. 1371, § 1, effective May 3, 1972) has had the unfortunate effect of engendering confusion on this issue. A municipal court has no jurisdiction to vacate or set aside a prior judgment of conviction except for *the pleading* in a *pending criminal proceeding* in

pleading *material only to punishment* and is not an element of the substantive offense charged (*People* v. *Valenti,* 49 Cal.2d 199, 206 [316 P.2d 633]; *In re McVickers,* 29 Cal.2d 264, 271 [176 P.2d 40]; 2 Witkin, Cal. Crimes (1963) § 1000, p. 951).[6]

In *People* v. *Burke,* 47 Cal.2d 45, 51 [301 P.2d 241], the court held: "The power to strike or dismiss the proceeding as to a prior conviction is within the power referred to in section 1385 of the Penal Code, which provides that 'The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. . . .' The authority to dismiss the whole includes, of course, the power to dismiss or 'strike out' a part. (Cf. *People* v. *Superior Court* (1927), 202 Cal. 165, 173 [259 P. 943].) The striking or dismissal of a charge of prior conviction (regardless of whether it has or has not been admitted or established by evidence) is not the equivalent of a determination that defendant did not in fact suffer the conviction [citations]; such judicial action is taken, in the words of defendant's counsel, 'for the purpose of sentencing' only and 'any dismissal of charges of prior convictions . . . does not wipe out such prior convictions. . . .' (*People* v. *Coyle* (1948) *supra,* 88 Cal.App.2d 967, 973-974 [200 P.2d 546].)"

It is clear, therefore, that a court order finding a prior conviction to be constitutionally invalid and striking the alleged prior conviction from the accusatory pleading in a pending criminal proceeding does not have the effect of wiping out the prior judgment of conviction (*People* v. *Burke, supra,* p. 51), but merely prevents the constitutionally invalid prior conviction from being used to *enhance the punishment*[7] that may be imposed in

which the defendant is accused of having committed another such offense. A motion to actually vacate or set aside the judgment itself must be made in the original action in the rendering court of the prior involved (*Fitch* v. *Justice Court,* 24 Cal. App.3d 492 [101 Cal.Rptr. 227]). Thus, the Legislature in section 23102.2 must have intended merely to set forth the procedures to be used on a *motion to strike a prior conviction from an accusatory pleading* in a pending criminal proceeding, as approved in *People* v. *Coffey, supra,* pages 214-215, or a motion, in a pending criminal proceeding, made before sentencing, to determine the validity of prior convictions not alleged in the accusatory pleading but which would nevertheless be before the court for its consideration in determining punishment pursuant to Vehicle Code section 13209 (*Stenback* v. *Municipal Court,* 272 Cal.App.2d 27 [76 Cal.Rptr. 917]). We so construe section 23102.2.

[6]Thus; even though the court struck the allegations of the prior convictions from the complaint, the substantive offense (the charge of driving while intoxicated on March 5, 1972) remained, and judgment has been pronounced on that offense. No attack has been made upon the judgment entered on August 7, 1972.

[7]Vehicle Code section 23102 prescribes the amount of the fine and the term of imprisonment to be imposed on first and second or subsequent offenders.

the pending criminal proceeding or to *increase the severity of sanctions*[8] imposed by the Department of Motor Vehicles upon persons convicted of subsequent offenses (*Mitchell* v. *Orr*, 268 Cal.App.2d 813 [74 Cal.Rptr. 407]; *Hasson* v. *Cozens, supra,* p. 579; *Thomas* v. *Department of Motor Vehicles, supra,* p. 335).[9]

A motion to strike priors because of constitutional infirmities is a procedure to ameliorate the defendant's punishment because of an earlier deprivation of fundamental rights.[10] We discern no intent in the decisions approving that procedure which would permit a court to construe *a motion to strike allegations of priors from an accusatory pleading* made in a *pending criminal proceeding* as an *implied motion to set aside a plea of guilty and vacate the prior judgments* and thereby subject a defendant to retrials. Such a motion to vacate would have to be *initiated by the defendant in the prior action* and directed to the court in which the prior conviction was obtained and the sentence imposed.[11] ■ We conclude that

[8]Vehicle Code section 13352 contains mandatory directions for the suspension or revocation of driving privileges upon first, second and third or subsequent convictions of driving under the influence of intoxicating liquor and drugs.

[9]The striking of an allegation of a prior conviction from the complaint in a pending criminal proceeding is not the equivalent of a determination that the defendant did not, in fact, suffer the conviction (*People* v. *Burke, supra,* p. 51). In our opinion, the defendant must continue to fulfill the conditions of the sentence imposed upon him as a result of the prior conviction unless he successfully moves to vacate or set aside the judgment in the original action, in which event, he may be subject to retrial (Witkin, Cal. Crimes (1973 Supp.) pp. 110-111).

The Attorney General argues that in view of the limited character of an order striking priors, it should have no effect on mandatory administrative actions by the Department of Motor Vehicles pursuant to Vehicle Code section 13352 (suspension or revocation of drivers' licenses upon conviction of driving a motor vehicle under the influence of liquor and drugs). We are not confronted with any action by the Department of Motor Vehicles to enforce these sanctions, however, and therefore make no determination with respect to this issue. We do note that in *Hasson, Mitchell* and *Thomas* a court order striking priors in a pending proceeding was held to be binding on the Department of Motor Vehicles in administering Vehicle Code section 13352. We are not here called upon to comment on the wisdom of those decisions.

[10]An accused cannot be forced to suffer anew from an earlier deprivation of a fundamental right (*Burgett* v. *Texas,* 389 U.S. 109, 115 [19 L.Ed.2d 319, 324-325, 88 S.Ct. 258]; *In re Terry, supra; In re Dabney,* 71 Cal.2d 1, 9, [76 Cal.Rptr. 636, 452 P.2d 924]).

[11]Coincidentally, in each of the three cases, the criminal proceedings against petitioner were initiated by complaint in the Municipal Court for the San Jose-Milpitas Judicial District. However, it is frequently the case that the court, on a motion to strike priors, must determine the constitutional validity of prior convictions rendered in another district or county, or even out of state. Although a court is empowered on a motion to strike to determine the constitutional validity of prior convictions sustained in another jurisdiction (*People* v. *Coffey, supra,* p. 215), it would clearly have no jurisdiction to vacate or set aside a judgment of conviction and order a

the court acted in excess of its jurisdiction when, on its own motion and without the consent of petitioner, it entered an order setting aside the plea of guilty, vacating the judgment rendered on January 21, 1972, and in rearraigning petitioner on the prior charge.

Petitioner next contends that the court's action in rejecting his pleas of once in jeopardy and former conviction, and in setting the identical charge of which he had been once convicted, sentenced and punished, for a second trial, subjected him to double jeopardy. We agree.

The Fifth Amendment to the United States Constitution reads: ". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; . . ." The Fifth Amendment's bar to double jeopardy is applicable to state proceedings by virtue of the Fourteenth Amendment (*Benton* v. *Maryland,* 395 U.S. 784, 795-796 [23 L.Ed.2d 707, 716-717, 89 S.Ct. 2056]; *Richard M.* v. *Superior Court,* 4 Cal.3d 370, 375 [93 Cal.Rptr. 752, 482 P.2d 664]). Article I, section 13 of the Constitution of the State of California, contains almost precisely the same guarantee against double jeopardy in that it provides that "No person shall be twice put in jeopardy for the same offense; . . ." (*Gomez* v. *Superior Court,* 50 Cal.2d 640, 649 [328 P.2d 976]).

"The protection is not against being twice punished but against twice being put in jeopardy, and it applies whether the accused is convicted or acquitted. [Citation.] A person is in legal jeopardy for an offense ' "when (1) placed on trial (2) for the same offense (3) on a valid indictment or information or other accusatory pleading (4) before a competent court (5) with a competent jury, duly impaneled and sworn and charged with the case; or, if the trial is by the court, it must be 'entered upon.' " ' (*People* v. *Beasley* (1970) 5 Cal.App.3d 617, 635 [85 Cal.Rptr. 501]; 1 Witkin, *supra,* Cal. Crimes (1963) p. 178; 21 Am.Jur.2d 236.)" (*Richard M.* v. *Superior Court, supra,* p. 376.)

California, by statute, has expanded upon the protection guaranteed by the federal and state Constitutions as follows: Penal Code section 687 provides that "No person can be subjected to a *second prosecution* for a public offense for which he has once been prosecuted and *convicted* or acquitted." (Italics added.) Penal Code section 1023 provides that "When the defendant is *convicted* or acquitted or has been *once placed in jeopardy* upon an accusatory pleading, the *conviction,* acquittal, or *jeopardy* is a

---

retrial in an action prosecuted in a court of another judicial district or county, let alone another state. Thus, to permit the procedure followed in the instant case would present an equal protection problem in relation to various defendants (Cal. Const., art. I, § 21).

*bar to another prosecution for the offense charged in such accusatory pleading, . . ."* (Italics added.)

The pleas of once in jeopardy, former acquittal and former conviction are favored pleas, and the right not to be put in jeopardy the second time is as sacred as the right to trial by jury (*People* v. *Preciado,* 31 Cal.App. 519, 530 [160 P. 1090]). The purpose of the double jeopardy defense is to prevent repeated harassment of the defendant upon a charge of the same offense (*Bryan* v. *Superior Court,* 7 Cal.3d 575, 581 [102 Cal.Rptr. 831, 498 P.2d 1079]). This purpose is subserved by refusing to permit repeated trials in order to remedy errors of law made by the court in the course of the trial (*Curry* v. *Superior Court,* 2 Cal.3d 707, 714 [87 Cal.Rptr. 361, 470 P.2d 345]; *People* v. *Valenti, supra,* p. 209; *People* v. *Tideman,* 57 Cal.2d 574, 585 [21 Cal.Rptr. 207, 370 P.2d 1007]; *People* v. *Sturdy,* 235 Cal.App.2d 306, 314 [45 Cal.Rptr. 203]).

Jeopardy attaches, and a defendant is deemed to have been placed on trial, upon a regular entry of a plea of guilty (*People* v. *Sturdy, supra; People* v. *Ayala,* 138 Cal.App.2d 243, 248 [291 P.2d 517]; *People* v. *Mims,* 136 Cal.App.2d 828, 831 [289 P.2d 539]; *People* v. *Goldstein,* 32 Cal. 432, 433). It has been held that a guilty plea is equivalent to a conviction and, *if allowed to stand,* it bars a subsequent prosecution for the same offense, and a plea of former conviction is good (*People* v. *Clark,* 264 Cal.App.2d 44, 46 [70 Cal.Rptr. 324]; *People* v. *Thompson,* 10 Cal. App.3d 129, 137 [88 Cal.Rptr. 753]; *People* v. *Mims, supra,* p. 831; *People* v. *Goldstein, supra,* p. 433). This case involves more than the entry of a plea of guilty. The record shows that sentence had been pronounced and the judgment had been entered upon the record, and had become final.[12]

The manner in which the pleas of once in jeopardy and former conviction must be made is provided in Penal Code sections 1016 and 1017, and the cases hold that the plea must be entered in the manner provided by statute or it is waived (*People* v. *Mims, supra*). Petitioner here, upon being arraigned anew on the identical charge of which he had been once convicted, entered his oral and written pleas of once in jeopardy and former conviction in accordance with Penal Code section 1017, subdivisions 3 and 4.

---

[12]In *People* v. *Clark, supra,* in which no priors were involved, the court, acting in response to the implicit request of the defendants to withdraw their pleas, set aside their pleas of guilty on its own motion when they appeared for *sentencing.* A different situation is presented when a sentence, as in the instant case, has been pronounced and the judgment has been permitted to become final.

As early as 1869, in the case of *People* v. *Webb,* 38 Cal. 467, 480, the court held that a person once placed upon his trial before a competent court, charged upon a valid complaint, is in jeopardy, in the sense of the Constitution, *"unless, at his instance, the verdict be set aside or judgment be reversed."*[13] (Italics added.) It is clear that petitioner made no request, either express or implied, to vacate or set aside the judgment on the prior conviction, and that the judgment was not vacated "at his instance."

The record in the instant case shows that the court entered the order, setting aside the guilty plea and vacating the judgment, *on its own motion and without the consent of petitioner,* and that petitioner at all times objected to the jurisdiction of the court to proceed against him on the identical charge of which he had already been convicted.

We conclude that the court's action in rejecting petitioner's pleas of once in jeopardy and former conviction and in setting the identical charge of which he had been once convicted, sentenced and punished, for a second trial subjected petitioner to double jeopardy in violation of the Fifth Amendment to the United States Constitution, article I, section 13, of the Constitution of the State of California, and sections 687 and 1023 of the Penal Code.

Let a peremptory writ issue as prayed for.

Kane, J., and Rouse, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied September 26, 1973.

---

[13]Double jeopardy is inapplicable, of course, in a case where a judgment of conviction is reversed on appeal at the behest of a defendant (*People* v. *Phillips,* 270 Cal.App.2d 381, 385 [75 Cal.Rptr. 720, 45 A.L.R.3d 105] cert. den. 396 U.S. 1021 [24 L.Ed.2d 514, 90 S.Ct. 593]).