Opinion
ALARCON, J.
This court has received many requests for review of the constitutional validity of a prior conviction for driving under the influence of intoxicating liquor. Some must be rejected by this court, not on the merits of the constitutional issue raised, but solely for procedural defects in presenting the question in the trial court or before this court. In the hope that a discussion of the appropriate remedies will assist counsel in future cases, we will summarize our perception of the law governing challenges to the constitutionality of prior convictions. We recognize that much of what we say here is unnecessary to the disposition of the instant appeals.
I. Review After Challenge Before the Rendering Court
A. Direct Appeal of the Conviction.
A defendant who is convicted of driving under the influence of intoxicating liquor may file a timely notice of appeal and directly challenge the judgment for any constitutional defects in the procedures which preceded such judgment of conviction (Pen. Code, § 1466, subd. 2(a)).
B. Motion to Vacate the Judgment of Conviction.
At any time after the time for appeal has run, the defendant may file a motion to vacate the judgment (or to set aside a plea of guilty) in the trial court which rendered the original judgment of conviction of driving under the influence of intoxicating liquor since a trial court has no jurisdiction to render a judgment obtained in violation of a person’s constitutional rights (Thomas v. Department of Motor Vehicles (1970) 3 Cal.3d 335, 338 [90 Cal.Rptr. 586, 475 P.2d 858]; Gonzalez v. Municipal Court (1973) 32 Cal.App.3d 706, 710 [108 Cal.Rptr. 612]).
*Supp. 5 C. Appeal from Denial of the Motion to Vacate Judgment.
A defendant may appeal the denial by the rendering trial court of his motion to vacate the judgment. Ordinarily an appeal will not lie from an order denying a motion to vacate a judgment of conviction upon a ground which could have been reviewed on a direct appeal from the judgment. However, the remedy is available where the original judgment is void because of fundamental jurisdictional defects (see People v. Thomas (1959) 52 Cal.2d 521, 527-529 [342 P.2d 889]).
II. Writs
A. Writ of Mandate to the Superior Court.
If the trial court which originally rendered a judgment of conviction denies the defendant’s motion to vacate the judgment (or to set aside a guilty plea), the defendant may file a petition in the superior court for a writ of mandate to compel the rendering trial court to vacate the judgment (Thomas v. Department of Motor Vehicles (1970) 3 Cal.3d 335, 338 [90 Cal.Rptr. 586, 475 P.2d 858]; Cooper v. Justice Court (1972) 28 CaI.App.3d 286, 290-292 [104 Cal.Rptr. 543]). The superior court will ordinarily not issue a writ of mandate unless the petitioner has first requested the lower court to act (Fitch v. Justice Court (1972) 24 Cal.App.3d 492, 495 [101 Cal.Rptr. 227]).
B. Writ of Habeas Corpus.
A defendant alternatively may seek habeas corpus to test the validity of a prior conviction based upon constitutional defects such as deprivation of the right to counsel (see In re Spencer (1965) 63 Cal.2d 400, 404 [46 Cal.Rptr. .753, 406 P.2d 33]; People v. Thomas (1959) 52 Cal.2d 521, 528 [342 P.2d 889]).
III. Challenge to Prior Conviction in the Sentencing Court
A. Motion to Strike Prior Conviction.
If a defendant has not sought to have the judgment vacated in the rendering court, he may, nevertheless, challenge the constitutionality of such conviction in any subsequent criminal proceeding, in the same or a different court, where allegation of a prior conviction (or convictions) can result in more severe punishment (People v. Coffey (1967) 67 Cal.2d *Supp. 6 204, 214-215 [60 Cal.Rptr. 457, 430 P.2d 15]; Gonzalez v. Municipal Court (1973) 32 Cal.App.3d 706, 710-711 [108 Cal.Rptr. 612]). Vehicle Code section 23102.2 sets' the procedure which must be followed in the trial court when a defendant seeks to have a prior conviction stricken. If the trial court grants the motion to strike the prior, the constitutionally invalid prior cannot be used to enhance the punishment. However, the prior judgment of conviction is not wiped out. Should the defendant again face prosecution for driving under the influence, he must again move to strike the prior, if alleged, or seek by motion to vacate the judgment in the rendering court (Gonzalez v. Municipal Court (1973) 32 Cal.App.3d 706, 711-712 [108 Cal.Rptr. 612]).
If the sentencing court denies the motion, defendant has alternative means for review.
B. Review by Writ of Mandate.
No appeal lies before trial from the order of a trial court denying a motion to strike a prior conviction upon constitutional grounds since such action is neither a final judgment of conviction nor an order after judgment affecting a defendant’s substantial rights (see Pen. Code, § 1466; People v. Keener (1961) 55 Cal.2d 714, 720 [12 Cal.Rptr. 859, 361 P.2d 587]). Where the denial of the defendant’s motion to strike occurs prior to the date set for trial, and the defendant intends to enter a plea of guilty or nolo contendere, a writ of mandate to the superior court offers a swift method of resolving the constitutional question presented.
C. Appeal After Final Judgment of Conviction.
Section 1466 of the Penal Code permits a defendant to appeal from a final judgment of conviction. Where the defendant has entered a plea of guilty after the court has denied his motion to strike a prior conviction on constitutional grounds, this court may review the validity of the prior conviction since, under section 23102 of the Vehicle Code, the trial court is required to incarcerate a defendant convicted of a second offense. The constitutional validity of the prior conviction thus not only affects a substantial right of the defendant but is a vital part of the sentencing decision.
The Allheim Matter
With the foregoing discussion as a background, we now proceed to a review of the question presented to us by the Allheim appeal.
*Supp. 7 In this matter the defendant was charged with driving under the influence of intoxicating liquor and causing bodily injury, filed as a misdemeanor in the Pomona Municipal Court. The complaint did not allege a prior conviction.
The docket shows that on August 15, 1974, a “Notice of Motion to Strike and Declare Prior 23102a P.C. Alleged Prior Unconstitutional and Invalid” was filed.
On October 8, 1974, after several continuances, the trial court denied the “motion to find the prior conviction declared unconstitutional.”
The prior conviction in question was rendered in the San Bernardino County Municipal Court District.
Prior to trial the defendant filed this appeal.
Section 1466 of the Penal Code sets forth the actions of an inferior court which may be reviewed on appeal. A ruling on a motion to strike a prior conviction prior to any judgment of conviction, sentence, or probation order does not come within these matters there enumerated. “[Ujnder the general rule, an order is not appealable unless declared to be so by the Constitution or by statute” (People v. Keener (1961) 55 Cal.2d 714, 720 [12 Cal.Rptr. 859, 361 P.2d 587]; People v. Succop (1966) 65 Cal.2d 483, 486 [55 Cal.Rptr. 397, 421 P.2d 405]).
To assist counsel in this matter and in order to avoid needless error when this matter is again before the trial court (and perhaps avoid an unnecessary return to this court), we make the following observations.
One, a motion to strike a prior will not lie unless the prior is alleged in the accusatory pleading.
Two, a motion to vacate a judgment of conviction must be made in the rendering court (San Bernardino County Municipal Court District) and in the same case, not in the trial court in a subsequent case.
The appeal in the John Emert Allheim matter, Crim. A No. 13038, is dismissed.
*Supp. 8 The Phillips Matter
In the Phillips matter we are limited to a review of the docket entries since no settled statement and no briefs were filed.
The defendant was accused of driving under the influence of liquor and drugs and of having suffered two prior convictions for the samé offense.
On October 21, 1974, the trial court found the alleged prior conviction in the Los Angeles Judicial District “constitutionally invalid.”
On October 23, 1974, the trial coúrt denied, the defendant’s motion to declare the prior conviction from the Burbank Municipal Court invalid.
The question of guilt was thereafter tried before a jury which found the defendant guilty on October 31, 1974. On the same date and prior to any further action by the court, the defendant filed a “notice of motion in Superior Court for order staying execution of judgment pending appeal and for bail pending appeal” and a notice of appeal “from the order made in this action on October 23, 1974, denying defendant’s motion to set aside or vacate a prior judgment of conviction.”
Thus we are confronted with this question: Does this court have jurisdiction to consider a purported appeal from the denial of a motion to strike a prior conviction after the defendant has been adjudged guilty but before sentencing?
A defendant may appeal from a final judgment of conviction (Pen. Code, § 1466). The verdict of the juiy is not appealable. There has been no sentence nor order granting probation in this matter. Until the court has acted upon the jury’s verdict and pronounced sentence or placed the defendant on probation, there is no final judgment of conviction (see People v. Minter (1955) 135 Cal.App.2d Supp. 838, 841 [287 P.2d 196]).
The appeal in the Roy Douglas Phillips matter, Crini. A No. 13044, is dismissed.
Holmes, P. J., and Marshall, J., concurred.