[Civ. No. 52585. First Dist., Div. Four. June 16, 1982.]

ALFONSO QUINTOR, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE SAN LEANDRO-
HAYWARD JUDICIAL DISTRICT OF ALAMEDA
COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

COUNSEL

Shiver & Stadum, Edward M. Stadum, Pamela A. Fyfe, Edwin C. Shiver and Stephen C. Garavito for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, W. Eric Collins and David D. Salmon, Deputy Attorneys General, for Real Party in Interest and Respondent.

---

OPINION

POCHÉ, J.—Alfonso Quintor appeals from a judgment of the Alameda County Superior Court denying his petition for a writ of mandate. We affirm.

### Facts

On September 28, 1978, in the Fremont-Newark-Union City Municipal Court (Fremont), appellant entered a plea of guilty to driving while intoxicated. (Veh. Code, § 23102.)[1]

In 1979, appellant was charged in the San Leandro-Hayward Municipal Court (Hayward) with driving while intoxicated and with having suffered the prior conviction in Fremont. On December 28, 1979, appellant moved in Hayward "to vacate and/or set aside" the Fremont prior conviction on the ground that "[t]he prior conviction was based upon a plea of guilty entered by [appellant without] assistance of counsel, and the record fails to demonstrate a knowing, intelligent and voluntary waiver of [appellant's] constitutionally guaranteed right to counsel." On February 8, 1980, the Hayward court denied the motion on the ground that the Fremont plea was not obtained in violation of appellant's constitutional rights.

On March 19, 1980, the Hayward court granted the district attorney's motion to strike the Fremont prior conviction from the pleading.

---

[1]Unless otherwise indicated, all further statutory references are to the Vehicle Code as it provided at all relevant times during this proceeding.

On the same day appellant entered a plea of nolo contendere to the charge of driving while intoxicated and was found guilty by the court. Appellant was placed on 18 months formal probation, fined $350.50, and ordered to attend Alameda County's Drinking Driver Treatment Program.

Appellant did not appeal from the judgment of conviction, nor did he file a motion to set aside the nolo plea. Instead, on August 19, 1980, long after the time for appeal had lapsed, he filed a petition for writ of mandate in the Alameda County Superior Court. There appellant requested the superior court to issue a writ of mandate ordering the respondent municipal court (Hayward) to "vacate and/or set aside the prior Fremont conviction, ..." The superior court summarily denied the petition. This appeal follows.

## Discussion

When a superior court has summarily denied a petition for writ of prohibition or mandate, the issue on appeal is whether that denial was an abuse of discretion.[2] (*Gilbert* v. *Municipal Court* (1977) 73 Cal.App.3d 723, 734 [140 Cal.Rptr. 897]; *Burrus* v. *Municipal Court* (1973) 36 Cal.App.3d 233, 236 [111 Cal.Rptr. 539].) Because the superior court has broad discretion and the reasons for summary denial need not be stated, "it will be the rare case where an abuse of discretion can be demonstrated." (*Gilbert* v. *Municipal Court, supra,* 73 Cal.App.3d at p. 734.)

First we review the procedures for challenging the validity of prior convictions.

At any point after the time for appeal has run, a defendant may move in the rendering court to vacate a judgment of conviction on the ground that the conviction was obtained in violation of the defendant's constitutional rights.[3] (*Thomas* v. *Department of Motor Vehicles* (1970) 3 Cal.3d 335, 338 [90 Cal.Rptr. 586, 475 P.2d 858]; *Gonzalez*

---

[2] An order of the superior court denying a petition for writ of mandate is an appealable judgment. (Code Civ. Proc., § 904.1, subd. (a); *Bloom* v. *Municipal Court* (1976) 16 Cal.3d 71 [127 Cal.Rptr. 317, 545 P.2d 229].)

[3] Or he may seek habeas corpus to test the validity of the conviction. (*In re Spencer* (1965) 63 Cal.2d 400, 404 [46 Cal.Rptr. 753, 406 P.2d 33]; *People* v. *Allheim* (1975) 48 Cal.App.3d Supp. 1, 5 [121 Cal.Rptr. 448].)

v. *Municipal Court* (1973) 32 Cal.App.3d 706, 710 [108 Cal.Rptr. 612].) If the court denies relief, the defendant may seek mandamus from the superior court to direct the rendering court to set aside the conviction. (*Thomas v. Department of Motor Vehicles, supra*, 3 Cal.3d at pp. 338-339; *Cooper v. Justice Court* (1972) 28 Cal.App.3d 286, 290-292 [104 Cal.Rptr. 543].)

■ If a defendant has not sought to have the judgment set aside in the rendering court, he may, nevertheless, challenge the constitutionality of that conviction in later criminal proceedings by moving to strike the allegation of the prior conviction from the accusatory pleading on the ground that it is constitutionally invalid. (*Thomas v. Department of Motor Vehicles, supra*, 3 Cal.3d at p. 338; *Ganyo v. Municipal Court* (1978) 80 Cal.App.3d 522, 525-526 [145 Cal.Rptr. 636]; *Gonzalez v. Municipal Court, supra*, 32 Cal.App.3d at pp. 709-710.) On such an attack, relief is limited to striking the prior conviction from the accusatory pleading because the court does not have the power to vacate or set aside a judgment of conviction rendered in another jurisdiction. (*Gonzalez v. Municipal Court, supra*, at pp. 712-713; *Ganyo v. Municipal Court, supra*, at p. 526.) If the motion to strike is denied, the defendant may immediately petition the superior court for a writ of mandate or may wait until there is an appealable order—a final judgment—and then seek appellate review of the denial. The order denying the motion is not an appealable order. (*People v. Allheim, supra*, 48 Cal.App.3d Supp. 1, 6.)

In addition, the trial court had inherent power to strike a prior conviction on its own motion for purposes of sentencing. (§§ 23102, subd. (g); 23105, subd. (h).)

■ In the instant case, appellant did not at any time challenge the validity of his 1978 Fremont conviction in Fremont. Rather, he attacked the Fremont prior conviction in Hayward where a new accusatory pleading charged him with driving while intoxicated and with having suffered the prior Fremont conviction. Appellant called this challenge a motion "to vacate and/or set aside" the Fremont prior. Hayward had no jurisdiction "to vacate and/or set aside" the Fremont prior judgment. (*Ganyo v. Superior Court, supra*, 80 Cal.App.3d at p. 526.) Such a motion could be addressed only to the court which rendered the judgment, the Fremont Municipal Court.

However, the Hayward court and both counsel treated the inartfully labeled motion as a motion made pursuant to section 23102.2[4] to have the prior conviction *stricken* from the Hayward pleading on the ground that it was constitutionally invalid. ■ ■ ■ ■ ■ The court reached the merits and concluded that the Fremont prior was valid.[5]

When that motion was denied, appellant did not seek relief in mandamus from the superior court. Instead, the prosecution, without objection, moved to strike the Fremont prior, and the Hayward court granted the motion. Appellant then entered a plea of nolo contendere and the court found him guilty. Appellant did not file an appeal from the judgment of conviction in Hayward, nor did he move to set aside his nolo plea in Hayward. Instead, he waited for five months and petitioned the

---

[4.]Section 23102.2 provides: "(a) In any proceedings to have a prior judgment of conviction of a violation of subdivision (a) or (b) of Section 23102, or of subdivision (a), (b), or (c) of Section 23105, declared invalid on constitutional grounds, the defendant shall state in writing and with specificity wherein he was deprived of his constitutional rights, which statement shall be filed with the clerk of the court and a copy served on the court that rendered such prior judgment and on the prosecuting attorney in the present proceedings at least five court days prior to the hearing thereon.

"(b) The court shall, prior to the trial of any pending criminal action against the defendant wherein such prior conviction is charged as such, hold a hearing, outside of the presence of the jury, in order to determine the constitutional validity of the charged prior conviction issue. At such hearing the procedure, the burden of proof and the burden of producing evidence shall be as follows: [¶] (1) The burden of proof remains with the prosecution throughout and is that of beyond a reasonable doubt. [¶] (2) The prosecution shall initially have the burden of producing evidence of the prior conviction sufficient to justify a finding that the defendant has suffered such prior conviction. [¶] (3) In such event, the defendant then has the burden of producing evidence that his constitutional rights were infringed in the prior proceeding at issue. [¶] (4) If the defendant bears this burden successfully, the prosecution shall have the right to produce evidence in rebuttal. [¶] (5) The court shall make a finding on the basis of the evidence thus produced and shall strike from the accusatory pleading any prior conviction found to be constitutionally invalid."

[5]If appellant had been successful in obtaining an order striking the Fremont prior on the grounds that it was constitutionally invalid, such an order would have been binding upon the Department of Motor Vehicles (DMV). (*Gonzalez* v. *Municipal Court, supra,* 32 Cal.App.3d at pp. 711-712; *Ganyo* v. *Municipal Court, supra,* 80 Cal.App.3d at p. 526.) Upon finding that a conviction was unconstitutionally obtained a court is empowered to direct the DMV not to impose sanctions based upon that conviction. This was codified in former section 23102.4 (now § 23209), effective, January 1, 1981. (Stats. 1980, ch. 468, § 1, p. 979.) That section provided in relevant part: "In addition, any determination that a prior conviction is unconstitutional precludes any allegation or use of such prior conviction in any judicial or administrative proceeding, and the department shall strike such prior conviction from its records." On the other hand, the ultimate order appellant received, striking the prior conviction from the accusatory pleading without any finding of constitutional invalidity, has no effect upon the DMV: it may still impose sanctions based upon that conviction.

superior court for a writ of mandate directing the Hayward court to grant his motion to strike the Fremont prior.[6]

The superior court properly denied the petition because it was being asked to compel the Hayward Municipal Court to act in a case as to which it had long ago lost jurisdiction. The five month old judgment of conviction had not been appealed from: it was final. For this reason Hayward lacked jurisdiction to review or reconsider interlocutory motions.

Mandate will not lie to compel action which is not within the court's jurisdiction or where the court no longer has the power to perform the act sought to be compelled. (*Treber* v. *Superior Court* (1968) 68 Cal.2d 128, 134-136 [65 Cal.Rptr. 330, 436 P.2d 330]; *Franklin* v. *Municipal Court* (1972) 26 Cal.App.3d 884, 898 [103 Cal.Rptr. 354]; *Daniels* v. *Superior Court* (1955) 132 Cal.App.2d 700, 701 [282 P.2d 1000]; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 67, pp. 3845-3846, (supp. 1981) p. 129.)

The trial court properly denied the petition for writ of mandate to compel the Hayward court to do that which it did not have the power to do.

The judgment is affirmed.

Caldecott, P. J., and Christian, J., concurred.

A petition for a rehearing was denied July 16, 1982, and appellant's petition for a hearing by the Supreme Court was denied August 18, 1982.

---

[6.]We construe the petition as one seeking an order directing Hayward to grant the motion to strike the Fremont prior from the accusatory pleading.