Huey P. NEWTON, Petitioner-Appellant,

v.

SUPERIOR COURT OF CALIFORNIA, In and For the COUNTY OF ALAMEDA, Respondent-Appellee.

No. 85–1747.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 1986.

Decided Nov. 3, 1986.

---

Fred J. Heistand, Sacramento, Cal., for petitioner-appellant.

Clifford K. Thompson, Jr., San Francisco, Cal., for respondent-appellee.

Before CHOY, ALARCON and BEEZER, Circuit Judges.

ALARCON, Circuit Judge:

Petitioner/appellant Huey P. Newton, a California prisoner convicted in 1978 of possessing a concealable firearm as a felon in violation of Cal.Penal Code § 12021(a) (West Supp.1986), appeals from the district court's denial of his petition for a writ of habeas corpus. He contends that (1) the respondent/appellee Superior Court of California for the County of Alameda (hereinafter the state trial court) unconstitutionally failed to give res judicata effect to a 1971 order striking the sentence enhancing allegation of his prior felony conviction in 1964, (2) the jury convicted him without evidence of scienter, (3) the state prosecutor's failure to appeal the 1971 order strik-ing the allegations of the 1964 conviction led him to believe that he no longer was a convicted felon, and (4) the state trial court denied him due process by relying on *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) in determining that no constitutional error occurred when his motion to waive counsel was granted in his 1964 trial. We disagree and affirm.

## PERTINENT FACTS AND PROCEDURAL HISTORY

In 1964, Newton was convicted in the state trial court of assault with a deadly weapon, a felony, under Cal.Penal Code § 245(a) (West Supp.1986). He waived his right to counsel and represented himself during trial. The conviction was affirmed in 1965 by the California Court of Appeal. The California Supreme Court denied Newton's petition for hearing.

In 1967, Newton was charged with three felonies in the state court arising out of the fatal shooting of an Oakland Police Officer. The accusatory pleading also contained an allegation that Newton had suffered a felony conviction in 1964. The prior conviction was alleged solely for the purpose of enhancing the punishment in the event that Newton was convicted of the substantive charges.

Before trial, Newton moved to strike the allegation of the 1964 felony conviction claiming it was invalid on the ground that his sixth amendment right to counsel had been violated because the record showed an ineffective waiver of counsel. The state trial court denied the motion to strike without a hearing. Newton was convicted of voluntary manslaughter. The California Court of Appeal reversed the judgment of conviction and remanded for a new trial. The reviewing court held that it was error to deny the motion to strike without a hearing. *People v. Newton*, 8 Cal.App.3d 359, 87 Cal.Rptr. 394 (1970).

Prior to the second trial on the 1967 charges, Newton renewed his motion to strike the sentence enhancing allegations concerning his 1964 felony conviction.

Judge Harold Hove denied the motion after a hearing. This trial ended in a mistrial because the jury was unable to agree on a verdict.

Before the commencement of the third trial, Newton again moved to strike the prior felony conviction allegation. On November 2, 1971, Judge Lyle Cook, the state trial judge assigned to preside over the third trial, granted Newton's motion in a written order. In declaring that "the defendant may have waived his right to counsel at that time [1964] without an intelligent conception of the consequences of his act," Judge Cook gave retroactive application to the 1967 decision of the California Supreme Court in *People v. Carter*, 66 Cal.2d 666, 427 P.2d 214, 58 Cal.Rptr. 614 (1967). Judge Cook noted that the California Supreme Court "established stricter standards for the trial court inquiry into the defendant's ability to defend himself and his understanding of the consequences of a waiver of counsel" than were thought to be necessary in 1964. Judge Cook concluded that "[i]n light of these later decisions which must now be followed ... the charge of prior conviction must be striken from the indictment."

The jury in the third trial was unable to agree upon a verdict. The court declared a mistrial. Subsequently the substantive charges were dismissed and Newton was not retried.

The events culminating in the charges and convictions from which this action arose occurred in 1974. Newton was accused of beating Preston Callins with a pistol. The police discovered two loaded weapons and a large amount of ammunition in Newton's apartment. One of the weapons had been used to beat Callins.

Initially, Newton was charged with assault with the use of a concealable firearm. In 1977, the district attorney in Alameda County was permitted by the state trial court to amend the complaint against Newton to charge him with two counts of violation of Cal.Penal Code § 12021(a), which makes it a crime to be a felon in possession of a concealable firearm. The 1964 felony conviction was alleged as an element of these additional firearm possession charges.

In 1978, in an unrelated matter, Newton was charged in Santa Cruz County with assault and with possession of a concealable firearm by a felon in violation of Cal. Penal Code § 12021(a). At the preliminary hearing on these charges, Newton made a motion to strike the prior allegation on the basis of Judge Cook's 1971 order. On July 13, 1978, the Santa Cruz magistrate dismissed the firearm possession charge on the ground that the 1964 prior felony conviction was unconstitutional.

Before trial in Alameda County on the Preston Callins matter, Newton moved to strike the allegation in the firearm possession charge that he was a felon, based on the 1964 conviction, on the ground that he had not effectively waived his right to counsel. He also claimed the 1971 order striking the prior felony conviction was res judicata barring its use in the current proceedings. The state trial court denied Newton's motion to strike. The jury was never informed of Judge Cook's 1971 order striking the sentence enhancing allegation of a prior conviction. Newton was convicted of two counts of violating section 12021(a), but not of the assault charge. The California Court of Appeal affirmed the judgment of conviction. The California Supreme Court denied Newton's petition for hearing. The United States Supreme Court denied certiorari.

Newton then filed a petition for a writ of habeas corpus in the district court. The petition was dismissed without prejudice because Newton had failed to exhaust state remedies.

Newton filed a petition for a writ of habeas corpus with the California Supreme Court. On May 6, 1982, the California Supreme Court denied the petition. Newton filed the current petition for a writ of habeas corpus in the district court. The district court denied the petition. Newton has timely appealed.

## STANDARD OF REVIEW

We review *de novo* the denial of a petition for a writ of habeas corpus. *Weygandt v. Ducharme*, 774 F.2d 1491, 1492 (9th Cir.1985) (citing *Chatman v. Marquez*, 754 F.2d 1531, 1533–34 (9th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 124, 88 L.Ed.2d 124 (1985) ); *Roth v. United States Parole Comm'n*, 724 F.2d 836, 839 (9th Cir.1984).

## ANALYSIS

### I. USE OF 1964 FELONY CONVICTION

Newton contends that the refusal of the state court to apply the principle of res judicata to Judge Cook's 1971 order in the 1978 criminal proceedings violated state and federal due process. We address Newton's state and federal challenges under separate headings.

### A. Preclusive Effect Of The 1971 Order Under California Law

"Violations of state law, without more, do not deprive a defendant of due process." *Cooks v. Spalding*, 660 F.2d 738, 739 (9th Cir.1981), *cert. denied,* 455 U.S. 1026, 102 S.Ct. 1729, 72 L.Ed.2d 147 (1982) (citing *La Brasca v. Misterly*, 423 F.2d 708, 709 (9th Cir.), *cert. denied,* 400 U.S. 838, 91 S.Ct. 77, 27 L.Ed.2d 72 (1970) ); *see Engle v. Isaac*, 456 U.S. 107, 121 n. 21, 102 S.Ct. 1558, 1568 n. 21, 71 L.Ed.2d 783 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process. If the contrary were true, then 'every erroneous decision by a state court on state law would come [to this Court] as a federal constitutional question.' ") (quoting *Gryger v. Burke*, 334 U.S. 728, 731, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948) (citation omitted) ). "Habeas corpus relief for an asserted violation of due process is available only when the state court's action is arbitrary or fundamentally unfair." *Cooks,* 660 F.2d at 739 (citing *United States ex rel. Burnett v. Illinois*, 619 F.2d 668, 670 (7th Cir.), *cert. denied,* 449 U.S. 880, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980) ).

Newton claims that as a matter of state law, Judge Cook's order striking the sentence enhancing allegation of his 1964 felony conviction from the 1967 accusatory pleading terminated his status as a convicted felon. Newton argues that Judge Cook's order was final and appealable. He asserts that the failure of the state prosecutor to appeal the order striking the sentence enhancing allegation precluded the state prosecutor from alleging that Newton had been convicted of a felony as an element of the crime of possession of a concealable firearm by a felon.

Under California law, any issue necessarily decided and litigated by the final determination on the merits of an issue in a criminal action is conclusive in a subsequent action between the same parties. *People v. Sims*, 32 Cal.3d 468, 477, 651 P.2d 321, 326, 186 Cal.Rptr. 77, 82 (1982). In criminal matters, the final determination on the merits need not be a judgment; the doctrine of res judicata has been applied in California to orders affecting substantial rights which have been fully litigated and are final and appealable. *Id.* at 482, 651 P.2d at 329–30, 186 Cal.Rptr. at 85–86; *Rebco Development, Inc. v. Superior Court*, 67 Cal.App.3d 13, 16, 136 Cal.Rptr. 351, 352 (1977).

Res judicata and collateral estoppel principles "are inapplicable to orders dismissing criminal proceedings following preliminary hearings." *People v. Uhlemann*, 9 Cal.3d 662, 667–68, 511 P.2d 609, 612, 108 Cal.Rptr. 657, 660 (1973). Thus, the magistrate's dismissal of the complaint charging Newton with possession of a concealable firearm by a felon after the preliminary hearing has no collateral estoppel or res judicata effect on the 1978 proceeding which led to Newton's conviction in the instant matter.

Newton has failed to direct our attention to any California case that supports his assertion that the striking of a sentence enhancing allegation in a criminal proceeding has a preclusive effect on a subsequent criminal proceeding based on an accusatory

pleading alleging unrelated substantive offenses. We have found that the law of California is to the contrary. In a case involving facts logically indistinguishable from those presented to us in this proceeding, the California Court of Appeal held that an order striking a sentence enhancing allegation of a prior conviction which was followed by a mistrial was not appealable and not binding on the court at a subsequent trial based on the same accusatory pleading. *People v. Bryan*, 3 Cal.App.3d 327, 339, 83 Cal.Rptr. 291, 299 (1970). The California court in *Bryan* concluded that "[t]he granting of a ... mistrial is tantamount to a holding that there was no trial." *Id.*

Newton's attempt to distinguish *Bryan* is unpersuasive. Newton suggests that we are not bound by the holding in *Bryan* because the trial judge in that matter gave no reasons for his order striking the prior. Newton asks that we give preclusive effect to Judge Cook's order because he stated his reasons for striking the sentence enhancing allegation in a written order. This argument ignores well settled California law that the striking of a sentence enhancing allegation of a prior conviction has no preclusive effect notwithstanding a determination that it was constitutionally invalid. *Gonzalez v. Municipal Court*, 32 Cal.App.3d 706, 711, 108 Cal.Rptr. 612, 617 (1973). Motions to strike such an allegation "do not vacate the underlying conviction...." *People v. Sumstine*, 36 Cal.3d 909, 920, 687 P.2d 904, 911, 206 Cal.Rptr. 707, 714 (1984). "The purpose of a motion to strike is to challenge only the present effect of the prior conviction." *Id.* at 921, 687 P.2d at 911–12, 206 Cal.Rptr. at 715. If a California trial court grants a motion to strike the allegation of a prior conviction, it cannot be used to enhance the punishment in that criminal proceeding. *People v. Allheim*, 48 Cal.App.3d Supp. 1, 5–6, 121 Cal.Rptr. 448, 451 (1975). If the defendant is subsequently prosecuted on an *unrelated* offense, however, the allegation of a prior conviction may be pleaded and the defendant must satisfy the trial court in that proceeding that the prior conviction

cannot be used to enhance the sentence. *Id.* at 5–6, 121 Cal.Rptr. at 451.

■ A motion to strike a sentence enhancing allegation is not the equivalent of a motion to set aside a plea of guilty and vacate a prior judgment of conviction. *Gonzalez*, 32 Cal.App.3d at 710–11, 108 Cal.Rptr. at 616. The fact that a defendant has been successful in urging that a sentence enhancing allegation be struck in a subsequent prosecution on an unrelated charge does not affect the validity of the earlier judgment. The defendant is still subject to the onerous effects which flow from a conviction until he " 'successfully moves to vacate or set aside the judgment in the original action....' " *Sumstine*, 36 Cal.3d at 921, 687 P.2d at 911, 206 Cal.Rptr. at 714–15 (quoting *Gonzalez*, 32 Cal.App.3d at 712 n. 9, 108 Cal.Rptr. at 617 n. 9).

■ In summary, Newton's argument that the failure of the prosecutor to appeal Judge Cook's order collaterally estopped the state prosecutor from alleging the prior conviction as an element of a substantive offense in an unrelated action must fail. The law of California clearly does not accord preclusive effect in a subsequent proceeding to the action of a trial court in striking a sentence enhancing allegation of a prior conviction. We note also, in passing, that an appeal by the state prosecutor of Judge Cook's order, which solely affected sentence enhancement, after a mistrial was declared and the dismissal or abandonment of any further prosecution of that matter, would have been frivolous. An appeal after the abandonment of the substantive charges would have resulted in a purely academic or advisory opinion. Once the prosecution was abandoned without a judgment of conviction, there was no sentence to enhance.

Under California law an appellate court will ordinarily not consider an appeal which raises moot, academic, or abstract questions. B. Witkin, California Procedure § 517, at 499 (3d ed. 1986). An appeal is subject to dismissal as moot, where, be-

cause of the happening of some event, a decision would be ineffectual and could serve no useful purpose. *Id.* Here, as we have already explained, Judge Cook's order striking Newton's prior was followed by a mistrial. Under *Bryan,* Judge Cook's order would not have been binding at a retrial on the same charge. Clearly, it could not have a preclusive effect on these unrelated proceedings.

The state trial court did not err under California law in refusing to accord preclusive effect to Judge Cook's order. Newton has failed to show arbitrary action or fundamental unfairness constituting a deprivation of due process under the fourteenth amendment.

### B. Double Jeopardy Claim

 Newton claims that the failure of the state trial court to accord preclusive effect to Judge Cook's order placed him in double jeopardy in violation of the federal constitution. We disagree.

The fifth amendment to the United States Constitution provides in pertinent part: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; ...." The fifth amendment's bar to double jeopardy is applicable to state proceedings by virtue of the fourteenth amendment. *Benton v. Maryland,* 395 U.S. 784, 794, 795–96, 89 S.Ct. 2056, 2062, 2063, 23 L.Ed.2d 707 (1969).

"[T]he doctrine of collateral estoppel applies to criminal cases as part of the constitutional protection against double jeopardy." *United States v. Dipp,* 581 F.2d 1323, 1325 (9th Cir.1978), *cert. denied,* 439 U.S. 1071, 99 S.Ct. 841, 59 L.Ed.2d 37 (1979) (citing *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)). In *United States v. Hernandez,* 572 F.2d 218 (9th Cir.1978), we described the collateral estoppel doctrine as follows:

> When an issue of fact or law is actually litigated and determined by a final and valid judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action

between the parties, whether on the same or a different claim.

*Id.* at 220 (quoting Restatement (Second) of the Law, Judgments § 68 (Tent.Draft No. 1, 1973)). Application of the doctrine involves a three-step process of analysis:

> (1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.

*Hernandez,* 572 F.2d at 220; *Dipp,* 581 F.2d at 1325. The inquiry " 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.' " *Ashe,* 397 U.S. at 444, 90 S.Ct. at 1194 (quoting *Sealfon v. United States,* 332 U.S. 575, 579, 68 S.Ct. 237, 240, 92 L.Ed. 180 (1948)).

In the matter before us, counsel for the state trial court correctly argues that the issues in the 1971 and 1978 orders are not "sufficiently similar" or "sufficiently material" to justify invoking the doctrine of collateral estoppel. The incentive of the prosecution to litigate the issue of the validity of the 1964 prior felony conviction in the 1971 proceeding was substantially less than in the present proceeding. In the 1971 proceedings, the prior felony conviction was alleged in the accusatory pleading for the purpose of sentence enhancement. In the current action, the 1964 prior felony conviction was offered to prove an element of the charged offense, i.e., a felon in possession of a concealable firearm under Cal. Penal Code § 12021(a). Thus, the issues are not "sufficiently material" and "sufficiently similar."

An examination of the record in the 1971 proceedings reveals that the issue whether Newton's 1964 felony conviction should be *vacated* was not litigated. As we have explained, a motion to strike a prior felony

conviction alleged in an accusatory pleading for sentence enhancement purposes has a different effect under California law than a petition for a writ of habeas corpus to vacate a judgment because of constitutional infirmities. *Sumstine,* 36 Cal.3d at 920–21, 687 P.2d at 911–12, 206 Cal.Rptr. at 714–15. In *Sumstine,* the California Supreme Court stated that "the issuance of a writ of habeas corpus vacates the underlying judgment of conviction ... [which] ceases to exist for all purposes." *Id.* at 920, 687 P.2d at 911, 206 Cal.Rptr. at 714. An order striking a sentence enhancing allegation of a prior conviction does not have the effect of vacating the earlier judgment. *Id.* at 920–21, 687 P.2d at 911, 206 Cal.Rptr. at 714.

## II. SUFFICIENCY OF PROOF OF SCIENTER

Newton argues that the evidence before the state trial court was insufficient to prove that he had knowledge that he was a convicted felon on the date he was found in possession of a concealable firearm. He asserts that "he did know he was a felon." The California Supreme Court rejected this argument in *People v. Snyder,* 32 Cal.3d 590, 592, 652 P.2d 42, 44, 186 Cal.Rptr. 485, 487 (1982).

■ A violation of due process occurs if a criminal conviction is not based on evidence that has convinced the trier of fact beyond a reasonable doubt of the existence of every element of the offense. *Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979) (citing *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)); *Tamapua v. Shimoda,* 796 F.2d 261, 263 (9th Cir.1986) ("Proof on which a conviction is based ... must support a finding beyond a reasonable doubt of every element of the offense.") (citing *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368).

■ Newton does not contend that he did not have knowledge that he was convicted of a felony. He argues instead that Judge Cook's order induced him to believe that he was not a convicted felon when he possessed the concealable firearm in 1974. Newton's belief that he was not a convicted felon in 1974, subject to all the conditions of that status because of Judge Cook's order, was mistaken under California law.

The decision of the California Supreme Court in *Snyder* is dispositive on the issue of mistake by a convicted felon under California's firearm possession law. In *Snyder,* the supreme court stated that "[t]he elements of the offense proscribed by section 12021 are [1] conviction of a felony and [2] ownership, possession, custody or control of a firearm capable of being concealed on the person." 32 Cal.3d at 592, 652 P.2d at 43–44, 186 Cal.Rptr. at 486–87 (citations omitted). The defendant in *Snyder* contended that she reasonably believed that she had pleaded guilty to a misdemeanor because her attorney so advised her. *Id.* at 592, 652 P.2d at 43, 186 Cal.Rptr. at 486. The California Supreme Court held that no "specific criminal intent is required, and a general intent to commit the proscribed act is sufficient to sustain a conviction." *Id.* at 592, 652 P.2d at 44, 186 Cal.Rptr. at 487. The court noted that *"[w]ith respect to the elements of possession or custody,* it has been held that knowledge is an element of the offense." *Id.* (emphasis added). Newton does not dispute the sufficiency of the evidence to prove to a rational trier of fact beyond a reasonable doubt that he had knowledge that he was in possession of a concealable firearm. As to Snyder's assertion that the first element of section 12021(a) requires proof of specific intent, i.e., knowledge of one's legal status as a felon, the court stated: "Does section 12021 also require knowledge of one's legal status as a convicted felon? No case has so held." *Id.* The California Supreme Court explained its holding as follows: "[R]egardless of what she reasonably believed, or what her attorney may have told her, defendant was deemed to know *under the law* that she was a convicted felon forbidden to possess concealable firearms. Her asserted mistake regarding her correct legal status was a mistake of law, not fact. It does not constitute a defense to section

12021." *Id.* at 593, 652 P.2d at 44, 186 Cal.Rptr. at 487 (emphasis in original).

*Snyder* makes clear that in California there is no requirement that a conviction under Cal.Penal Code § 12021(a) be supported by proof that the person knew he was a convicted felon when he was found in possession of a concealable firearm. Specific intent is not an element of the charged crime. Proof that Newton was aware of his legal status was not necessary to preserve his right to federal due process under the fifth amendment.

Our conclusion that knowledge of legal status as a convicted felon is not required under California law is supported by federal cases interpreting a similar federal statute forbidding possession of a concealable firearm by one convicted of a felony. 18 U.S.C.App. § 1202(a)(1) (1982 & Supp. III 1985) ("any person who—[¶] (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony ... [¶] and who receives, possesses, or transports in commerce or affecting commerce ... any firearm shall be fined not more than $10,000 or imprisoned...."). The only element of the federal offense which is not found in Cal.Penal Code section 12021(a) is an effect upon "commerce." *See United States v. Bass,* 404 U.S. 336, 347–50, 92 S.Ct. 515, 522–23, 30 L.Ed.2d 488 (1971). The federal statute has been uniformly interpreted as requiring only that the defendant was in fact a convicted felon, and not that he actually knew he was a felon. *United States v. Locke,* 542 F.2d 800, 801 (9th Cir.1976); *see United States v. Goodie,* 524 F.2d 515, 518 (5th Cir.1975), *cert. denied,* 425 U.S. 905, 96 S.Ct. 1497, 47 L.Ed.2d 755 (1976); *United States v. Thomas,* 484 F.2d 909, 914–15 (6th Cir.1973), *cert. denied,* 415 U.S. 924, 94 S.Ct. 1428, 39 L.Ed.2d 480 (1974); *United States v. Oliver,* 683 F.2d 224, 228 (7th Cir.1982); *United States v. Johnson,* 683 F.2d 1187, 1189 (8th Cir.1982); *United States v. Shomo,* 786 F.2d 981, 985 (10th Cir.1986).

The evidence shows that there was sufficient evidence to convince a jury beyond a reasonable doubt that Newton had knowledge that he possessed a concealable firearm. The prosecution was not required to prove that Newton was aware that under California law, the striking of a sentence enhancing allegation did not relieve him of the onerous conditions which result from the conviction of a felony.

## III. REASONABLE RELIANCE ON THE 1971 ORDER

■ In his opening brief, Newton contends that "[d]ue process forbids the state from voiding a citizen's felony conviction and, then, after the citizen has relied on that judicial ruling, reversing itself, without notice, and imprisoning the citizen because of his reliance on the state's assurances." This argument falsely assumes that an order striking a sentence enhancing allegation has the effect of "voiding" a judgment of conviction. As noted above, under California law, the striking of a sentence enhancing allegation does not "vacate the underlying conviction." *Sumstine,* 36 Cal.3d at 920, 687 P.2d at 911, 206 Cal.Rptr. at 714.

Newton's reliance on *Raley v. Ohio,* 360 U.S. 423, 79 S.Ct. 1257, 3 L.Ed.2d 1344 (1959) and *Cox v. Louisiana,* 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965) is also misplaced. In *Raley,* the Chairman of the Ohio Un-American Activities Commission expressly informed the defendants that they could assert their privilege against self-incrimination. 360 U.S. at 428–30, 79 S.Ct. at 1261–62. The defendants were convicted of contempt for failure to answer questions before the Committee after asserting the privilege against self-incrimination. *Id.* at 424, 79 S.Ct. at 1259. The Commission Chairman did not tell the defendants that an Ohio immunity law deprived them of the protection of the privilege. *Id.* at 438–39, 79 S.Ct. at 1266–67. The Supreme Court reversed the conviction, holding that to do otherwise "would be to sanction the most indefensible sort of entrapment by the State—convicting a citizen for exercising a privilege which the

State clearly had told him was available to him...." *Id.*

In *Cox,* city officials told Cox, the leader of a civil rights demonstration, that the demonstrators could meet on the sidewalk across the street from the courthouse steps ·to picket. 379 U.S. at 541, 570–71, 85 S.Ct. at 457, 483–84. Cox was arrested for picketing across the street from the courthouse in violation of a statute which prohibited picketing "near" a courthouse. *Id.* at 538, 560, 85 S.Ct. at 455, 478. The Supreme Court reversed, relying on its decision in *Raley. Id.* at 571, 85 S.Ct. at 484.

Judge Cook ordered that "the charge of a prior conviction must be stricken from the indictment." He did not inform Newton that the prior judgment had been vacated, that he was now entitled to possess a weapon, or that he was no longer subject to the legal restrictions imposed upon a convicted felon by the State of California. Thus, the state trial court did not mislead or entrap Newton into violating the law.

## IV. APPLICABILITY OF FARETTA v. CALIFORNIA

Newton also asserts that "[r]etrospective application of [*Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)] violates due process by punishing acts that were innocent when performed, and offends the prohibition of laws *ex post facto.*" This argument is meritless.

In *Faretta,* the Supreme Court reversed a California conviction because the defendant was denied the right of self-representation. *Id.* at 836, 95 S.Ct. at 2541. Newton was granted the right to represent himself at his 1964 trial. He does not contend before this court that his sixth amendment right to self-representation was violated. The record does not show that he was mentally incapable of understanding that he had a right to counsel. Thus, *Faretta* is clearly inapplicable to the validity of Newton's 1964 conviction. Newton has failed to show that the state trial court violated his right to self-representation under the sixth amendment. Any error that may

have occurred in applying *Faretta* retroactively to the 1964 conviction was harmless because Newton was granted his sixth amendment right to represent himself in 1964.

The judgment is AFFIRMED.