953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Anthony MABIN, Petitioner-Appellant,
v.
George DEEDS, et al., Respondents-Appellees.
 No. 91-15342.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 14, 1992.*
Decided Jan. 27, 1992.
 
 Before CHOY, SCHROEDER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mabin was convicted in Nevada State Court of sexual assault and sentenced to life with the possibility of parole. By Order filed February 6, 1991, the district court dismissed Mabin's petition for writ of habeas corpus. He appeals, raising six issues.
 
 
 3
 Mabin first argues that he was denied effective assistance of counsel because his attorney never conducted proper pre-trial investigation and failed to interview witnesses, in particular his expert witness, Dr. Thorne Butler. As proof, Mabin offers the March 5, 1984, Motion to Continue in which counsel argues that last minute prosecution moves have left him unprepared. However, the continuance sought in that motion was granted. Appellant also cites the direct examination of Butler as proving that Butler and Mabin's counsel had not rehearsed the expert's testimony. This was a strategic decision intended to boost the expert's credibility, not a demonstration of incompetence. Mabin's evidence falls well short of the requirements of Strickland v. Washington, 466 U.S. 668 (1984), that counsel's representation fail to meet "an objective standard of reasonableness" and that the unprofessional errors prejudice the outcome of the trial.
 
 
 4
 Mabin next claims that the prosecutor mischaracterized expert witness evidence in her closing argument. There is nothing in this record to suggest that any prosecutorial mischaracterization affected any significant aspect of the trial or rendered the proceedings fundamentally unfair as appellant contends.
 
 
 5
 Mabin next charges the state court with error in admitting testimony of the victim's pregnancy, testimony, he contends, which could only inflame the jury. The evidence of the victim's pregnancy was properly admitted as probative of her lack of consent, an element of the crime of sexual assault. The defendant could not stipulate away the government's burden to prove its case.
 
 
 6
 Fourth, Mabin argues that certain of the trial court's statements during opening argument could have led the jury to think that the court did not believe the statements of the defense and were, therefore, prejudicial. A review of the material quoted by Mabin and in the state's brief supports the conclusion of the magistrate's Report and Recommendation which finds no impropriety in the trial court's part: based on prosecution objections, the trial court instructed defense counsel to refrain from argument and misstatement. The court did not directly express an opinion as to the validity of evidence to be presented.
 
 
 7
 Fifth, Mabin claims generally that the evidence presented at trial was insufficient to sustain his conviction for sexual assault. To overturn a conviction based on a charge of insufficient evidence, Mabin must demonstrate that the evidence was so weak that no rational fact finder could have found the essential elements beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789 (1979); Newton v. Superior Court, 803 F.2d 1051, 1058-59 (9th Cir.1986), cert. denied, 481 U.S. 1070 (1987).
 
 
 8
 At trial, the victim of the sexual assault, Sheila Beaver, identified Mabin as the assailant. She testified that she saw his face on two occasions for "a couple of seconds," claiming to have a clear view of his face and remembering brown eyes and "gritted" teeth. Furthermore, the victim also saw and described the perpetrator's pants ("straight-legged blue jeans"), shirt (short-sleeved, reddish-type t-shirt, v-neck) and underwear ("standard white") with convincing specificity. It also appears that at least some of these clothing details were given before the showup in which the victim identified Mabin.
 
 
 9
 There is enough evidence in the victim's testimony alone to allow a rational juror to find Mabin guilty.
 
 
 10
 Finally, the state court correctly refused an offer of proof by extrinsic evidence of prosecution witness Trigleth's misconduct, an offer made during examination of Mabin. See Nev.Revised Stat. § 50.085(3) (barring credibility impeachment by extrinsic evidence). No federal issue is presented.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3