29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leo Newton MAXWELL, Petitioner-Appellant,
v.
George DEEDS, Warden, Respondent-Appellee.
 No. 93-17298.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 20, 1994.
Decided July 20, 1994.*
 
 Before: CHOY, SKOPIL, FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leo Maxwell appeals pro se the district court's denial of his petition for habeas relief. He contends that the district court wrongly rejected his arguments that he was charged with an unlawfully amended indictment, that the state trial court should therefore not have accepted his guilty plea, and that his attorney was incompetent for advising him to plea guilty to the infirm indictment. We agree with the district court that Maxwell's attack on the lawfulness of the indictment is a question of state law that is not reviewable in federal habeas. See Campbell v. Blodgett, 997 F.2d 512, 522 (9th Cir. (1992), cert. denied, 114 S.Ct. 1337 (1994). Maxwell argues that state law was violated, but the Nevada courts held otherwise. We are clearly not permitted to reexamine their conclusions on issues of state law. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions"). Moreover, even assuming a violation of state law, Maxwell has failed to show that the error rendered the proceedings so "arbitrary and fundamentally unfair" that it violated due process. Newton v. Superior Court of California, 803 F.2d 1051, 1055 (9th Cir.1986) (internal quotation omitted), cert. denied, 481 U.S. 1070 (1987).
 
 
 3
 Finally, given the state court's determination that no state law error occurred, we must also reject Maxwell's contention that the state court should not have accepted the plea or that his attorney should not have advised him to plead guilty. We have reviewed the record, and we are satisfied that Maxwell's plea was entered knowingly and voluntarily and that counsel's actions were well within the range of competent representation.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3