[Civ. No. 32539. First Dist., Div. Two. May 31, 1973.]

GILBERT DE LAO, Petitioner, v.
THE MUNICIPAL COURT FOR THE SAN JOSE-MILPITAS
JUDICIAL DISTRICT OF SANTA CLARA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Sheldon Portman, Public Defender, and Rose E. Bird, Deputy Public Defender, for Petitioner.

Donald G. Griffen as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier and Edward P. O'Brien, Assistant Attorneys General, and Derald E. Granberg, Deputy Attorney General, for Real Party in Interest.

**OPINION**

**TAYLOR, P. J.**—We treat this case as a companion to *Gonzalez* v. *Municipal Court* (1 Civ. 32757) *ante,* page 706 [108 Cal.Rptr. 612].

Petitioner, in a complaint filed on June 14, 1972, in the Municipal Court for the San Jose-Milpitas Judicial District of the County of Santa Clara, was charged with misdemeanor drunk driving on June 11, 1972, in violation of section 23102 of the Vehicle Code. The complaint also charged petitioner with a prior conviction for violating section 23102, in the same court, on February 1, 1972.

Petitioner was successful on a motion to strike the prior from the complaint on the ground that he had not been fully advised of his constitutional rights prior to the entry of the guilty plea as required in *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], and *In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

Thereafter, the court, *on its own motion,* set aside the plea of guilty and vacated the judgment of conviction on the prior. When petitioner was rearraigned upon the identical charge, he entered pleas of once in jeopardy and former conviction, which were denied by the court. Prior to the institution of this petition, petitioner sought, unsuccessfully, to secure a writ of prohibition in the superior court.

It is clear from the record that petitioner made no request, either express or implied, to vacate the judgment on the prior conviction referred to above,

and that, for the reasons stated in our holding in *Gonzalez,* his motion to strike an allegation of a prior from the complaint in the pending criminal proceeding may not be so construed.

Let a peremptory writ issue as prayed for.

Kane, J., and Rouse, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied September 26, 1973.