[Civ. No. 60230. Second Dist., Div. Five. Feb. 17, 1981.]

STEVE ALLEN MOURMOURIS, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Taylor, McCord & Paul and Jay M. Johnson, Jr., for Petitioner.

No appearance for Respondent.

Michael D. Bradbury, District Attorney, and Mark Leicester, Deputy District Attorney, for Real Party in Interest.

OPINION

STEPHENS, Acting P. J.—Petitioner was charged by information with three counts of selling cocaine, one count of possession for sale of cocaine, and one count of possession of concentrated marijuana. On May 13, 1980, pursuant to a plea bargain, petitioner withdrew a plea of not guilty and entered a plea of no contest to counts 1 and 2 of the information, with the understanding that the People would move to dismiss counts 3, 4 and 5. A probation hearing was calendared for June 19, 1980. On June 16, 1980, the People noticed a motion (pursuant to Pen. Code, § 1192.5) to deem the plea withdrawn based upon an alleged misunderstanding as to the terms of the plea bargain. At the previously scheduled June 19th hearing, respondent, over the objection of defendant, set aside the plea of no contest. Petitioner waived rearraignment on the information and entered pleas of not guilty and double jeopardy.[1] Respondent calendared the matter for trial.

A motion to dismiss on double jeopardy grounds was denied and the present petition for writ of mandate followed. We issued an alternative writ to determine whether respondent erred in setting aside the plea and, if so, whether dismissal of the charges is required.

FACTS

On May 13, 1980, prior to the plea proceedings in open court, petitioner, his attorney and the district attorney all signed a printed plea agreement form. In addition, petitioner initialed certain individual para-

---

[1]On August 7, 1980, petitioner entered an amended written plea of not guilty (Pen. Code, § 1016, subd. 1), former judgment of conviction (Pen. Code, § 1016, subd. 4), and once in jeopardy (Pen. Code, § 1016, subd. 5).

graphs of the form to indicate that he had read them. Applicable blanks in the printed form were filled in in ink. Paragraph III indicated that there had been no sentence commitments by the People. Paragraph VI stated that petitioner's attorney had explained the maximum possible sentence to petitioner and that he understood that he faced a maximum sentence of 6-1/3 years in state prison and registration as a narcotics offender.

Paragraph V of the form was entitled "VOLUNTARINESS OF PLEA." The printed paragraph stated that the plea was being entered voluntarily, not as the result of pressure or coercion, and that no promises had been made other than those appearing on the form. Appended to this paragraph in ink was the following language: "Except the court has indicated that at the time of sentencing the defendant will not be sentenced to more than 60-90 days in the county jail as a [*sic*] item of felony probation. In addition the court will recommend work furlough and waive any exclusionary criteria."

At the court hearing on May 13, 1980, no mention whatever was made of a 60-90-day sentence limitation. The proceeding commenced with a colloquy between the court and defense counsel in which the court confirmed that it would waive exclusionary criteria and recommend work furlough and defense counsel stated that it was understood that this action by the court could not guarantee petitioner's acceptance into the work furlough program.

Petitioner was asked if his understanding of the plea bargain was contained in the plea agreement form. He responded affirmatively. The prosecutor showed the plea agreement form to petitioner and asked him if he had read, understood and initialed paragraphs 4, 5, 6, 7 and 8. Petitioner said that he had. He responded affirmatively when asked if he understood that he faced a maximum of 6-1/3 years in prison and that he would be required to register as a narcotics offender.

Petitioner entered his no contest plea to counts 1 and 2. Respondent found that petitioner had been competently represented by counsel, that there was a factual basis for the plea, that petitioner understood his *Boykin-Tahl* rights, the nature of the charges against him, the possible defenses, and the possible consequences of his plea. Respondent ordered the plea entered and the matter referred for probation.

In support of the motion to deem the plea withdrawn, the People offered the affidavit of the prosecuting attorney. He averred that he had found the plea agreement form in the case file on May 13, that he had signed and dated it without going through the case file to verify the accuracy of the bargain it stated. He had then given it to defense counsel who left the courtroom with petitioner. When defense counsel and petitioner returned to the courtroom, defense counsel handed the plea agreement form to the prosecutor. It had been signed by petitioner and defense counsel. The prosecutor further alleged that he first noticed the handwritten addition to paragraph V in the courtroom after petitioner was advised of his constitutional rights during the plea proceedings. He did not ask petitioner or defense counsel about it because he believed that it reflected an acknowledgment by the district attorney's office of an agreement between the court and the defendant.

At the hearing on June 19th, defense counsel indicated that he had authored the handwritten addendum to paragraph V and that he believed it was conspicuous on its face when he handed the document back to the prosecutor. The court stated that it had no recollection of having made a commitment regarding the length of sentence. Defense counsel stated that he had acted in good faith, that he understood there to have been a commitment regarding sentencing and that he would not have written the addendum otherwise. The court responded that it was not charging anyone with bad faith, that there may have merely been a misunderstanding, but that it did not feel bound by the 60-90-day limitation. (The probation officer had recommended a 180-day sentence.)

The court offered either to proceed to sentence petitioner as though the commitment did not exist, or to allow petitioner to withdraw his plea and proceed to trial. Defense counsel declined to exercise that choice. Petitioner personally was not asked his preference in the matter. The court declared that there had been no meeting of the minds, that the intent of the parties had not been adequately expressed in the plea agreement form and that it was therefore setting aside the plea.

■ Petitioner contends that the court had no power to set the plea aside over his objection and that once having done so, the People are precluded from retrying him.

In analyzing what happened below, it is important to remember that petitioner has never challenged the validity of the plea. One curious aspect of this case is that although we know something about the state

of mind of counsel and the court with respect to the purported sentencing limitation, we know nothing about what representations, if any, defense counsel made to petitioner about sentencing·limits before petitioner signed the agreement form and initialed paragraph V. Nor do we know whether counsel's handwritten addendum to paragraph V was appended before or after petitioner initialed the paragraph and signed the form, or whether petitioner saw it or relied on it when he entered his plea in court.

It is difficult to fit the facts of the instant case neatly into the framework of Penal Code section 1192.5.[2] The court, not considering itself a party to any sentencing bargain, naturally did not advise petitioner— pursuant to paragraph 3 of Penal Code section 1192.5—that it would not be bound by any sentencing restrictions.

On the other hand, entry of the plea and referral of the matter for probation certainly signified acceptance of the plea, which would make paragraph 4 of the statute inapplicable and preclude an order deeming the plea withdrawn. Real party suggests that we find that the plea was not accepted because the acceptance did not include the sentence restriction. This strikes us as an overly technical view of the situation.

---

[2]Penal Code section 1192.5 states: "Upon a plea of guilty or nolo contendere to an accusatory pleading charging a felony, other than a violation of subdivision (2) or (3) of Section 261, Section 264.1, Section 286 by force, violence, duress, menace or threat of great bodily harm, subdivision (b) of Section 288, Section 288a by force, violence, duress, menace or threat of great bodily harm, or Section 289, the plea may.specify the punishment to the same extent as it may be specified by the jury on a plea of not guilty or fixed by the court on a plea of guilty, nolo contendere, or not guilty, and may specify the exercise by the court thereafter of other powers legally available to it. [¶] Where such plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on such plea to a punishment more severe than that specified in the plea and the court may not proceed as to such plea other than as specified in the plea. [¶] If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw· its approval in the light of further consideration of the matter, and (3) in such case, the defendant shall be permitted to withdraw his plea if he desires to do so. The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for such plea. [¶] If such plea is not accepted by the prosecuting attorney and approved by the court, the plea shall be deemed withdrawn and the defendant may then enter such plea or pleas as would otherwise have been available. [¶] If such plea is withdrawn or deemed withdrawn, it may not be received in evidence in any criminal, civil, or special action or proceeding of any nature, including proceedings before agencies, commissions, boards, and tribunals."

Respondent having declined to attribute bad faith to petitioner's counsel, we can certainly not attribute it to petitioner. It would therefore be unfair to him to allow the court to deem the plea withdrawn over petitioner's objection thereby depriving him of the benefit he would have had under the bargain the People and the court thought they were entering.[3] Petitioner, however, cannot compel respondent to abide by the sentencing restriction to which it never agreed.

On balance it would appear that respondent enunciated the correct solution to the impasse when it advised petitioner he had the option of either withdrawing his plea or proceeding to sentencing without reference to the 60-90-day limitation. This would have given petitioner the same options he would have had, had the procedure outlined in paragraph 3 of Penal Code section 1192.5 been followed. More than that he was not entitled to.

Respondent erred when, instead of proceeding to sentence petitioner, it entered its order withdrawing the plea and resetting the matter for trial. A retrial on counts 1 and 2 would violate petitioner's constitutional guarantee against twice being placed in jeopardy.

We do not think that the situation is irretrievable for the People, however. No windfall should come to petitioner as a result of a situation created as much by his attorney as by anyone. All that is required is to return the proceedings to the point at which the court erred and reroute them to the proper track. Since the error consisted of vacating the plea, it should be reinstated. This does not involve double jeopardy since petitioner had already been convicted and no new trial is necessary. The situation is thus distinguishable from *Larios v. Superior Court* (1979) 24 Cal.3d 324 [155 Cal.Rptr. 374, 594 P.2d 491], relied on by petitioner. The instant case is distinguishable also from *Gonzalez v. Municipal Court* (1973) 32 Cal.App.3d 706 [108 Cal.Rptr. 612], as petitioner raised no challenge to the validity of the plea and there is, therefore, no impediment to its reinstatement.

Since petitioner was not personally asked if he preferred to withdraw his plea or proceed to sentencing without the 60-90-day limitation, and since we are, figuratively, turning back the clock to the moment when the proceedings went awry, petitioner should be presented with that

---

[3]Dismissal of counts 3, 4, and 5.

option so that he may exercise it with full knowledge of the applicable law.

Let a peremptory writ of mandate issue directing respondent court to vacate its order of June 19, 1980, setting aside petitioner's no contest plea to counts 1 and 2 of the information in that matter entitled People v. Steven Allen Mourmouris, Ventura Superior Court No. CR 15103, and further directing that respondent give petitioner the option of himself withdrawing that plea or of proceeding to sentencing absent any restrictions on the court's sentencing powers, with the understanding that if petitioner declines to withdraw the plea, sentence will be imposed without regard to the 60-90-day restriction.

Ashby, J., and Hastings, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 16, 1981.