Filed 3/25/22  P. v. Bowden CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>LADON BOWDEN,<br><br>　　　　Defendant and Appellant. | C093973<br><br>(Super. Ct. No. 08F10399) |

This appeal arises from the trial court's dismissal of defendant Ladon Bowden's motion for relief under Penal Code section 1473.6,[1] which allows a noncustodial defendant to move to vacate a judgment of conviction based on newly discovered evidence under specified circumstances.  Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant subsequently filed a supplemental brief.  After reviewing defendant's claims, we affirm the order of dismissal.

---

[1]　　　　Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

A.      *Defendant's sentence*

In March 2010, defendant was sentenced to a term of 25 years to life after being found guilty by a jury of felony inflicting corporal injury on a former cohabitant that resulted in a traumatic condition (§ 273.5, subd. (a)) and misdemeanor resisting a peace officer (§ 148, subd. (a)(1)).  The trial court imposed a life sentence because defendant had two prior strikes (§ 667, subds. (b)-(i)), including a 1994 conviction for robbery (§ 211) in Yolo County Superior Court case No. 61812.[2]  During the sentencing hearing, the trial court denied defendant's motion to strike the prior strikes under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.  On appeal, we modified the conduct credit award but otherwise affirmed the judgment.  (*People v. Bowden* (Aug. 25, 2011, C064732) [nonpub. opn.].)

B.      *Defendant's motion*

In December 2020, defendant challenged his 2010 conviction under section 1473.6.  Defendant asked the trial court to vacate his prior strike for the 1994 robbery conviction (which resulted from a plea deal) because it purportedly was invalid.  According to defendant, the "court record failed to prove and the court record insufficiently [gave] support to an intelligent[ ] and knowing[ ] waiver" under *Boykin v. Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274] and *In re Tahl* (1969) 1 Cal.3d 122.  He then argued the trial court erred in using his 1994 conviction as a prior strike in the instant case because "the *Boykin-Tahl* rules were not complied with."  Defendant further argued the trial court in the 1994 case erred in denying his motion to withdraw his plea, making his plea involuntary.  He also noted that a defendant must be advised of the direct

---

[2]      The 1994 conviction was the subject of a separate motion under section 1473.6 in the Yolo County Superior Court, which also was denied.  That matter is currently on appeal in this court, *People v. Bowden*, case No. C094035.

consequences of a plea.  In March 2021, defendant filed an almost identical motion in this action.[3]

Defendant noted there was no transcript available from the plea hearing because the records had been destroyed pursuant to Government Code section 69955.  Citing *People v. Sumstine* (1984) 36 Cal.3d 909, defendant argued it was necessary for the transcript to affirmatively show the trial court complied with its notice obligations, and he could not be penalized for the lack of a transcript.  Defendant argued the remaining record had only a generic description of the sentencing hearing and failed to affirmatively establish that the trial court gave the proper advisements regarding his constitutional rights or the direct consequences of his plea.

In April 2021, the trial court summarily dismissed defendant's motion, reasoning that it lacked jurisdiction because defendant did not qualify for relief under section

---

[3]     The second motion included three additional documents related to the 1994 plea deal.  First, there was a copy of defendant's April 1994 declaration stating that he understood he had the right to (1) say he was not guilty; (2) a preliminary examination; (3) present evidence; (4) remain silent; (5) hear and question all witnesses against him; (6) a trial; (7) a lawyer; and (8) have the judge "order into court all the evidence and witnesses in [his] favor."  He also declared that he understood the maximum potential punishment was five years, with a maximum fine of $27,500 and a maximum restitution fine of $10,000.

Second was a copy of an April 1994 declaration from defendant's attorney stating that he explained to defendant the maximum potential punishment, the nature of the complaint and each crime charged, and defendant's constitutional rights.  To the best of the attorney's knowledge, defendant understood the matters set forth in his declaration.

In both declarations, a typed date of April 12, 1994, was crossed out and corrected to April 28, 1994.

Third was a copy of the trial court's order from April 1994 stating that the court found (1) there was a factual basis to support the charges; and (2) defendant understood his constitutional rights and nature of the crime charged, understandingly and voluntarily pleaded no contest to the charge, and waived such rights.  The court accepted defendant's plea.

3

1473.6, as he was currently incarcerated and had failed to point to any newly discovered evidence of fraud, misconduct, or false testimony, as required by the statute. The court also ruled that section 1473.6 "does not provide for vacating a judgment based on a *Boykin-Tahl* error or the failure of the court of conviction to allow a withdrawal of the plea based on such error." Defendant also failed to make the required affirmative showing that the evidence could not be discovered with reasonable diligence before the judgment, and that it was not actually discovered within one year of the filing of the section 1473.6 motion. The court noted that defendant would have been present in the courtroom during the plea and would have known the advisements at the time of the plea. Moreover, the court did not have jurisdiction to vacate a judgment rendered in another county (Yolo).

The trial court also declined to construe the motion as a petition for writ of habeas corpus, since defendant failed to show any *Boykin-Tahl* error. The court noted that defendant in his declaration stated that he was advised of his *Boykin-Tahl* rights. Moreover, defendant's attorney at the time also filed a declaration that he had explained to defendant the consequences of the plea and defendant's constitutional rights, and that he had witnessed defendant sign the declaration. The court further noted that the clerk's minutes reflected that the court found at the time of the plea that defendant understood his constitutional rights, the nature of the crime charged, and the consequences of the plea, and had voluntarily and understandingly entered his no contest plea and waived his rights. In addition, the court found a factual basis for the plea and accepted his plea and waiver of rights.

DISCUSSION

A.    *Our review*

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a postjudgment motion to vacate a conviction is an open

4

question. Our Supreme Court is set to resolve the issue in *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted February 17, 2021, S266305.

In *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870,[4] this court described the *Anders/Wende* procedure applicable to appeals for postjudgment relief: " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' " (*Figueras, supra*, at pp. 112-113.) Pending guidance from the Supreme Court, we adhere to the reasoning of *Figueras* as to this postjudgment motion for relief pursuant to section 1473.6 and review the claims raised in defendant's supplemental brief.

B. *Defendant's contentions*

Defendant contends in supplemental briefing that the trial court erred in summarily denying his motion after determining that he failed to establish a prima facie case. He argues the trial court improperly engaged in judicial factfinding in determining that he had not provided factual support for his assertions. According to defendant, the trial court was required to accept all his factual allegations as true, and the record did not disprove his claims. Without providing any citation to the record, defendant further asserts that he stated in his motion to vacate that he was never advised of his *Boykin-Tahl* rights and did not waive his rights at the time of entering his plea or at sentencing. Defendant further argues the trial court erred in dismissing his motion as untimely, since

---

**4**     Review was granted in *Figueras* and held for *Delgadillo*.

5

a collateral attack on a prior strike may be raised years after the guilty plea is entered. Defendant further contends the trial court was required to appoint counsel after he made his prima facie case. Finally, defendant claims for the first time that the dates in the 1994 declarations were fraudulent because the date was changed. We will affirm the trial court's order.

C. *Applicable law*

Section 1473.6 allows a person no longer imprisoned or restrained (and thus without standing to petition for a writ of habeas corpus) to file a motion to vacate a judgment based on (1) "[n]ewly discovered evidence of fraud by a government official that completely undermines the prosecution's case, is conclusive, and points unerringly to his or her innocence," (2) "[n]ewly discovered evidence that a government official testified falsely at the trial that resulted in the conviction and that the testimony of the government official was substantially probative on the issue of guilt or punishment," or (3) "[n]ewly discovered evidence of misconduct by a government official committed in the underlying case that resulted in fabrication of evidence that was substantially material and probative on the issue of guilt or punishment." (§ 1473.6, subd. (a)(1)-(3).)

Section 1473.6 was enacted in response to the so-called Rampart scandal, in which police officers were found to have committed misconduct by, among other things, planting evidence and committing perjury. (*People v. Germany* (2005) 133 Cal.App.4th 784, 791.) The law sought to enable those " 'no longer in the system to challenge their judgment when they learn that their conviction was obtained in part because of fraud or false evidence by a government official.' " (*Ibid*.)

Section 1473.6 defines " 'newly discovered evidence' [as] evidence that could not have been discovered with reasonable diligence prior to judgment" (§ 1473.6, subd. (b)), and mandates that a motion to vacate the judgment "be filed within one year" from "[t]he date the moving party discovered, or could have discovered with the exercise of due diligence, additional evidence of the misconduct or fraud by a government official

6

beyond the moving party's personal knowledge," or the effective date of the statute, whichever is later (§ 1473.6, subd. (d)).

The procedure for raising and adjudicating a section 1473.6 motion, "including the burden of producing evidence and the burden of proof, shall be the same as for prosecuting a writ of habeas corpus." (§ 1473.6, subd. (c).) As such, the judge must issue an order to show cause if the moving party makes a prima facie case for relief. (Cal. Rules of Court, rule 4.551(c)(1).) In determining whether a prima facie case has been made, the judge must take the moving party's factual allegations as true and make a preliminary assessment whether the moving party would be entitled to relief if his or her factual allegations were proven. (*Ibid*.) Although the trial court may consider the entire record of conviction in determining whether defendant has made a prima facie case (*People v. Lewis* (2021) 11 Cal.5th 952, 971), it "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.) A trial court may deny relief at the prima facie stage if the defendant's allegations are clearly refuted in the record. (*Id*. at p. 971.)

D.    *Analysis*

We assume without deciding that defendant has the right to appeal from the trial court's dismissal of his section 1473.6 motion. Despite defendant's contentions, in addition to being ineligible for relief under section 1473.6 because he was incarcerated at the time he filed his motion, defendant did not carry his burden to plead sufficient grounds for relief. Rather than allege there was newly discovered evidence showing the court failed to advise him of his constitutional rights or the consequences of his plea, defendant instead argued in his motion that the record had been mostly destroyed and therefore no longer affirmatively established that the court had complied with its duties. Defendant also fails to explain how a handwritten date change makes the 1994 declarations fraudulent or otherwise demonstrates that the trial court erred in 1994 in determining that his plea was voluntary and knowing. Because defendant failed to

7

adequately allege facts to show any alleged misadvice was newly discovered, he was ineligible for relief under section 1473.6.  Moreover, as the trial court noted, it lacked jurisdiction to vacate a judgment prosecuted in the court of another judicial district. (*Gonzalez v. Municipal Court* (1973) 32 Cal.App.3d 706, 712-713, fn. 11 [a court "clearly ha[s] no jurisdiction to vacate or set aside a judgment of conviction and order a retrial in an action prosecuted in a court of another judicial district or county"].)  Under the circumstances, the trial court did not err in dismissing defendant's section 1473.6 motion to vacate the judgment.

Given our conclusion that the trial court did not err in finding that defendant failed to establish a prima facie case, we find without merit defendant's argument that he was entitled to counsel.  We similarly reject defendant's argument that he was entitled under *People v. Sumstine, supra*, 36 Cal.3d 909 to attack the validity of the prior conviction because it was used as a strike for purposes of enhancing any later term.

DISPOSITION

The trial court's order is affirmed.

                                                             KRAUSE          , J.

I concur:

      HOCH           , J.

Hull, Acting P.J.

I concur in the result, but I do not agree with the majority's adoption of "*Wende*-like" procedures in appeals such as these.

While the majority does not decide the question, I am of the opinion that California's "*Wende* procedure" does not apply to appeals such as this one which is from a denial of post-conviction relief. (*People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870, (*Figueras*); *People v. Flores* (2020) 54 Cal.App.5th 266; *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278, (*Cole*).) This is so because this is not the defendant's first appeal as of right. (See, *In re Sade C.* (1996) 13 Cal.4th 952, 986 (*Sade C.*) [*Wende/Anders* review "mandated for only one [situation]—the indigent criminal defendant in his first appeal as of right"].)

In *Figueras*, this court said, quoting *Cole*, " . . . we 'reject the notion that the Constitution compels the adoption or extension of *Wende* procedures (or any subset of them) for appeals other than a criminal defendant's first appeal of right because, beyond that appeal, there is no right to the effective assistance of counsel. Time and again, the United States Supreme Court and our Supreme Court have rejected the very same argument. (See [*Pennsylvania* v.] *Finley* [(1987)] 481 U.S. [551,] 555; [*Conservatorship of*] *Ben C.* [(2007)] 40 Cal.4th [529,] 538–543; [*In re*] *Sade C.* [(1996)] 13 Cal.4th [952,] 986–993.)' (*Cole, supra,* 52 Cal.App.5th at p. 1034, review granted; [*Flores*, *supra*,] 54 Cal.App.5th[ at p.] 271.)" (*Figueras, supra,* 61 Cal.App.5th at p. 111, review granted.) Thus, these courts held that the Constitution does not require "the adoption or extension" of *Wende* procedures to appeals from post-conviction proceedings. I agree with this.

Nonetheless, the *Figueras* court decided, again following *Cole,* that in appeals such as these, due process requires that (1) appointed counsel must independently review the entire record and if counsel concludes there are no arguable issues on appeal file a brief with the court saying so, (2) appointed counsel must inform the defendant that the

1

defendant has the right file a supplemental brief, and (3) the court has a duty to address any issues raised by the defendant in a supplemental brief.

It is here that we part company.

In both *Cole* and *Figueras* the courts correctly decided the Constitution did not require an "adoption or extension" of *Wende* procedures to appeals seeking post-conviction relief, but then, invoking their powers to control the proceedings before them, declared that due process required *Wende*-like procedures and the application of *Wende*-type procedures to appeals seeking post-conviction relief. Neither court explains adequately why due process requires what are in practical measure *Wende* procedures in non-*Wende* appeals.

I agree that in the circumstances before us appointed counsel should independently review the record to decide whether there are any arguable issues on appeal and, if there are not, notify the court of counsel's determination. I do not agree that, in those circumstances, the appellate court is then required to conduct a review of the entire record searching for error or that counsel must advise the defendant of a "right" to file a supplemental brief. Nor do I agree the court has a duty to address issues raised solely by the defendant.

Once we hold that an appeal from a denial of post-conviction relief is not subject to *Wende* review, we then have before us a "standard" appeal from an order denying post-conviction relief in which the defendant, through counsel, has stated that there are no issues that properly can be raised on appeal. Under these circumstances, I would consider the appeal abandoned and dismiss the appeal.

I first address a requirement that the appellate court must review the record looking for error when the defendant's counsel has found none and has so declared.

In *Sade C.*, 13 Cal.4th 952, our supreme court considered whether the "prophylactic" procedures of *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* 25 Cal.3d 436 (*Wende*) applied to an indigent parent's appeal from a

2

judgment or order adversely affecting a parent's right to the custody of a child or the parent's status as a parent of the child. The Court concluded they did not.

While the context of the decision was slightly different in *Sade C.*, I find it instructive. As to a concern that that the risk of the absence of *Anders* (and, in my view, *Wende*) procedures will lead to an erroneous resolution of a parent's appeal, the Court said:

"As a practical matter, we believe that the chance of error is negligible. We do not ignore the fact that such error may be irremediable. (See, e.g., *Adoption of Alexander S.* (1988) 44 Cal.3d 857, 868 [].) Nevertheless, our consideration of the many cases that have come before us on petition for review reveals that appointed appellate counsel faithfully conduct themselves as active advocates [on] behalf of indigent parents. This causes no surprise: the attorneys are enabled, and indeed encouraged, to effectively represent their clients by the procedural protections accorded them in the Court of Appeal, including the right to precedence over all other causes (Welf. & Inst. Code, § 395), which parallel those accorded them in the juvenile court (see, e.g., *In re Marilyn H.*[ (1993)] 5 Cal.4th [295,] 306-310). In accord is the experience of Division One of the Fourth Appellate District of the Court of Appeal, as it recently recounted in *In re Angelica V.* having applied the procedures in question for more than a decade under its holdings in *Brian B.* and *Joyleaf W.*, the court declared that 'we have discovered, to the best of our present recollection, no unbriefed issues warranting further attention.' (*In re Angelica V.*[ (1995)] 39 Cal.App.4th [1007,] 1015, italics added [holding the Court of Appeal would no longer apply *Wende* procedures to parental rights cases].) As a result, it judged the procedures 'unproductive' (id. at p. 1016), and overruled *Brian B.* and *Joyleaf W.*

". . . .[W]e believe that the requirement of fundamental fairness contained in the Fourteenth Amendment's due process clause does not compel imposition of *Anders's* 'prophylactic' procedures. Procedures that are practically 'unproductive,' like those in

3

question, need not be put into place, no matter how many and how weighty the interests that theoretically support their use.  To be sure, these procedures may have 'symbolic' value of some kind.  (*Santosky v. Kramer*[, (1981)] 455 U.S. [745,] 764 [].)  Such value, however, is too slight to compel their invocation."  (*In re Sade C., supra,* 13 Cal.4th at pp. 990-991, fn. omitted.)

In my view, these observations apply equally to review of post-conviction relief orders and the court is not required, in order to satisfy due process or otherwise, to review the record in these cases once counsel has stated that counsel can find no arguable issues on appeal or required to receive and resolve issues raised individually by the defendant.

I would add that, in my 24 years' experience at the Court of Appeal, after reviewing hundreds of supplemental briefs filed by defendants in *Wende* appeals, I have not found one that had any merit.  But they each have required the court's staff attorneys and justices to spend additional time, and sometimes much additional time, addressing and resolving what are routinely, if not exclusively, frivolous arguments.

As to the view that these supplemental briefs are of right and require the court's resolution, I would also point to the following.

"The general rule that a defendant who is represented by an attorney of record will not be personally recognized by the court in the conduct of his case (*People v. Merkouris* (1956)[ ] 46 Cal.2d 540, 554 applies to the filing of *pro se* documents on appeal (*Electric Utilities Co. v. Small-page* (1934), 137 Cal.App. 640, 641-642)."  (*People v. Mattson* (1956) 51 Cal.2d 777, 798 (*Mattson*).)

". . . .[T]here is no right – constitutional, statutory, or otherwise – to self-representation in a criminal appeal in California.  (See *People v. Stanworth* (1969) 71 Cal.2d 820, 834–835[ ] [no right to dismiss counsel in capital appeals]; *People v. Scott*[ (1998)] 64 Cal.App.4th [550,] 569 573[ ] [noncapital appeals].)  In particular, neither the Sixth Amendment nor the due process clause of the Fourteenth Amendment to the federal Constitution furnishes a basis for finding such a right.  (*Martinez*[ (2000)]

528 U.S. [152,] 160–163 [145 L.Ed.2d 597 ] [(*Martinez*)].)  As the United States Supreme Court recently explained, the sole constitutional right to self-representation derives from the Sixth Amendment, which pertains strictly to the basic rights that an accused enjoys in defending against a criminal prosecution and does not extend beyond the point of conviction.  (*Martinez, supra*, 528 U.S. at pp. 154, 160–161.)  Emphasizing that the change in one's position from 'defendant' to 'appellant' is a significant one, the high court found that the balance between a criminal defendant's interest in acting as his or her own lawyer and a state's interest in ensuring the fair and efficient administration of justice 'surely tips in favor of the [s]tate' once the defendant is no longer presumed innocent but found guilty beyond a reasonable doubt.  (*Id.* at p. 162.)  Consequently, the court concluded, states may exercise broad discretion when considering what representation to allow and may require an indigent inmate 'to accept against his will a state-appointed attorney' for representation on a direct appeal without violating the federal Constitution.  (*Martinez, supra*, 528 U.S. at p. 164.)

"As relevant here, represented capital inmates are not permitted to present their automatic appeals personally to this court.  That is, such inmates have no right personally to supplement or supersede counsel's briefs and arguments on the merits of their appeals.  (*Clark*[ *(1992)*] 3 Cal.4th [41,] 173 [(*Clark*)]; *Mattson*[ (1959)] 51 Cal.2d [777, 798 [].)  As we explained in *Mattson*, pro se submissions pertaining to an appeal will not be filed or considered '[b]ecause of the undesirability of fruitlessly adding to the burdens of this court the time-consuming task of reading *pro se* documents which are not properly before us, and, if they be read, of consequently enlarging [the] opinion by a recountal and discussion of the contentions made in propria persona . . . .'  (*Mattson, supra*, 51 Cal.2d at p. 798.)

"Thus, all appellate motions and briefs must be prepared and filed by counsel and may not be submitted pro se.  (*Clark, supra*, 3 Cal.4th at p. 173.)  Although we will accept and consider pro se motions regarding representation (i.e., *Marsden* motions to

5

substitute counsel), such motions 'must be clearly labeled as such' and 'must be limited to matters concerning representation.' (*Clark, supra*, 3 Cal.4th at p. 173.) *Any other pro se document* offered in an appeal 'will be returned unfiled' (*ibid*.), or, if mistakenly filed, will be stricken from the docket (*Mattson, supra*, 51 Cal.2d at p. 798)." (*In re Barnett* (2003) 31 Cal.4th 466, 473-474 (*Barnett)*, emphasis added.)

Although *Barnett* was a capital appeal, notably, the Supreme Court cited with approval *People v. Scott* and *People v. Mattson,* thus extending the same appellate rules to non-capital appeals.

Thus, in a non-*Wende* appeal such as this, the defendant, as an individual, does not have the right to submit his or her own arguments to the court for resolution.

I recognize that some courts have adopted a procedure that allows them to consider and decide an appellant's arguments raised in his or her own supplemental briefs by turning to the court's supervisory powers to control the proceedings before it. (See e.g., *Cole, supra,* 52 Cal.App.5th 1023, review granted.) I submit that those courts simply do not have the authority to do so given the California Supreme Court's holding in *Barnett*.

I recognize also that the issues we here consider are pending before our Supreme Court and the court may in the future extend what have become known as "*Wende* procedures" to appeals such as this one from orders denying post-conviction relief. But it must be left up to that court to do so. Until it does, I would dismiss appeals such as the one presently before us.

                                                               _____ HULL _____ , Acting P. J.